**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **GARY JOE JONES,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **C.A. NO. C-06-552** |
| | § | |
| **SAMUEL KOVALSKI,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR**
**APPOINTMENT OF COUNSEL ON APPEAL**

Plaintiff is an inmate currently incarcerated at TDCJ-CID's McConnell Unit in

Beeville, Texas.  Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights

complaint against Samuel Kovalski, complaining of the medical care he received when he

fractured his ankle.  Final judgment granting summary judgment in favor of the defendant

on all claims was entered August 27, 2007 (D.E. 39).  Plaintiff filed a notice of appeal (D.E.

40).  Pending is plaintiff's motion for appointment of counsel on appeal (D.E. 54).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of

access to the courts requires that the access be meaningful; that is, prison officials must

provide  pro se litigants with writing materials, access to the law library or other forms of

legal assistance.   Bounds, 97 S. Ct. 1491, 1498-99 (1977).  There is, however, no

constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick,

26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Further, <u>Bounds</u> did not create  a "free-standing right to a law library or legal assistance." <u>Lewis v. Casey</u>, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1) unless the case presents "exceptional circumstances," thus requiring the appointment.  <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  <u>Jackson v. Dallas Police Department</u>, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  <u>Id.</u>  While serious, this case is not complex.  Plaintiff alleges he received inadequate medical care for his fractured ankle.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case.  <u>Id.</u>  Plaintiff's pleadings demonstrate that he is reasonably intelligent and he appears to be in a position to adequately investigate and present his appeal.  Plaintiff can also obtain help from other inmates and officials in the law library to investigate and prepare his appeal.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  <u>Id.</u>  This case is on appeal, and no trial was held; thus it is unnecessary to examine this factor.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an

attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel on

appeal (D.E. 54) is denied without prejudice at this time.

ORDERED this 24th day of January, 2008.


_____

B. JANICE ELLINGTON

UNITED STATES MAGISTRATE JUDGE